UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ASIA AWAD, | CASE NO. 08 CV 00696 JM (AJB) |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS RAAD KHALAF AS A SHAM DEFENDANT; REMANDING ACTION TO STATE COURT** |
| vs. | |
| LIBERTY MUTUAL FIRE INSURANCE CO.; RAAD KHALAF; and DOES 1 - 30, inclusive, | |
| Defendants. | |

Defendant Liberty Mutual Fire Insurance Co. ("LMFIC") moves to drop defendant Raad Khalaf as a sham defendant pursuant to Federal Rule of Civil Procedure 21 on the ground that Plaintiff fraudulently joined defendant Khalaf to avoid the court's subject matter jurisdiction. Defendant Khalaf further moves to dismiss the negligence claim against him pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motions and separately moves to remand this action to state court on the ground that complete diversity is lacking and, therefore, the court lacks subject matter jurisdiction to entertain this action. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court denies the motion to drop defendant Khalaf as a sham defendant, grants Plaintiff's motion to remand, and declines to entertain defendant Khalaf's 12(b)(6) motion.

///

## I. BACKGROUND

On April 16, 2008, LMFIC removed this action based upon diversity jurisdiction, asserting that defendant Khalaf is a sham defendant whose citizenship should not be considered in determining whether diversity jurisdiction exists. Plaintiff's complaint, filed in San Diego Superior Court on March 12, 2008, contains the following claims: (1) LMFIC breached its duty of good faith and fair dealing; (2) LMFIC breached its contract; and (3) defendant Khalaf was negligent as Plaintiff's insurance agent.

Plaintiff's complaint contains the following allegations: On November 14, 2005, Plaintiff, a California resident, sought to obtain additional LMFIC insurance protection for a substantial amount of jewelry she kept at home. (Compl. ¶ 17). LMFIC is a Wisconsin corporation with its principal place of business in Massachusetts. Defendant Khalaf, a California insurance agent, agreed to represent and assist Plaintiff with her insurance needs and coverages and act as her agent. (Compl. ¶ 16). He advised Plaintiff to endorse her jewelry to the LMFIC homeowner's policy. (Compl. ¶ 17). During her application for coverage, unbeknownst to Plaintiff, defendant Khalaf represented to LMFIC that Plaintiff did not have any of the jewelry she was insuring and that the jewelry had been previously stolen. (Compl. ¶ 18). Defendant Khalaf did not advise Plaintiff of his concerns. When Plaintiff reported the loss of jewelry on November 12, 2006, LMFIC denied her claim based on defendant Khalaf's representations. (Compl. ¶ 19).

Plaintiff brings a negligence claim against defendant Khalaf for failing to advise, counsel, and protect Plaintiff's interests, thereby breaching his fiduciary duty as Plaintiff's own agent. (Compl. ¶ 20). LMFIC now seeks to drop defendant Khalaf as a sham defendant and remove this action based upon diversity jurisdiction; defendant Khalaf now moves to dismiss the negligence claim against him. Plaintiff opposes all motions and moves to remand this action to state court.

## II. DISCUSSION

### A. Legal Standards

#### 1. Fraudulent Joinder

"Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. The district

1  court has jurisdiction to determine if a defendant who destroys diversity is fraudulently joined as a
2  sham defendant and ignore that defendant's citizenship in the lawsuit when determining diversity.
3  McCabe v. Gen. Whole Foods Corp.,811 F.2d 1336, 1339 (9th Cir. 1987). The joinder of a defendant
4  is deemed fraudulent if the plaintiff fails to state a cause of action against a non-diverse defendant, and
5  the failure is obvious under settled state rules. Id.

6  To determine whether the joinder is fraudulent, the court may look beyond the pleadings and
7  consider any declarations. Id. The defendant need not show that the joinder of the non-diverse party
8  was to prevent removal; the defendant need only demonstrate that there is no possibility that the
9  plaintiff will be able to establish a cause of action against the non-diverse defendant in state court.
10 Good v. Prudential Ins. Co. of America, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) (citing Dodson v.
11 Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992)). The party seeking removal has the burden of
12 demonstrating that federal jurisdiction exists. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.
13 1992); B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981). Any doubts regarding removal
14 jurisdiction are construed against removal and in favor of remand to state court. See Gaus, 980 F.2d
15 at 566.

16 **2. Motion to Dismiss**

17 A motion to dismiss is granted when the plaintiff fails to state a claim upon which relief can
18 be granted. Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion, a complaint's factual allegations
19 must be "enough to raise a right to relief above the speculative level" assuming that all of the
20 allegations are true even if doubtful in fact. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965
21 (2007). The court should grant 12(b)(6) relief only where the complaint lacks either a "cognizable
22 legal theory" or facts sufficient to support a cognizable legal theory. Balistreri v. Pacifica Police
23 Dept., 901 F.2d 696, 699 (9th Cir. 1990).

24 **B.    ANALYSIS**

25 Raad Khalaf is a named defendant only in the third claim for negligence. LMFIC argues that
26 defendant Khalaf was acting only as LMFIC's agent when he procured Plaintiff's jewelry insurance
27 coverage, and therefore, Plaintiff has no viable negligence claim against defendant Khalaf. Generally,
28 an agent acting in the name of a disclosed principal is not individually liable for negligence committed

in the scope of employment. <u>Lippert v. Bailey</u>, 241 Cal. App. 2d 376, 382 (App. Ct. 1966); <u>Gasnik v. State Farm Ins. Co.</u>, 825 F. Supp. 245, 248 (E.D. Cal. 1992) ("[I]t is settled law that an agent acting within the course and scope of his employment cannot be held liable for . . . a negligent failure to insure").

LMFIC's argument, however, is based on cases where the agent is working solely on the insurance company's behalf. Here, Plaintiff does not allege that defendant Khalaf was a LMFIC employee. Rather, Plaintiff claims that defendant Khalaf was acting as her agent, or as a dual agent. (Compl. ¶ 16). If an agent or employee acts as a dual agent, the agent may be held individually liable to the insured for negligence even if committed within the scope of employment. <u>Mercado v. Allstate Ins. Co.</u>, 340 F.3d 824, 826 (9th Cir. 2003) (citing <u>McCabe</u>, 811 F.2d at 1339). An insurance agent is a dual agent when he or she is an independent broker or has a long-term, special relationship with the insured. <u>Good</u>, 5 F. Supp. 2d at 808.

<u>Good</u> makes clear that an insurance agent may be sued where the agent acted as a dual agent. Defendants argue that, as in <u>Good</u>, neither dual agency nor a special relationship is present. In <u>Good</u>, the district court found that the complaint did not indicate that the insurance agent was an independent broker, or had a special relationship with the plaintiff; rather, the complaint only stated that "each of the defendants was the agent and employee of each of the remaining defendants." <u>Good</u>, 5 F. Supp. 2d at 808. The district court, therefore, found that the plaintiff did not adequately allege facts that demonstrated a dual agency and found that the non-diverse insurance agent was a sham defendant. <u>Id.</u>

Here, in contrast to <u>Good</u>, Plaintiff alleges independent agency in her claim against defendant Khalaf. Essentially, Plaintiff alleges that defendant Khalaf was acting only as her agent; not LMFIC's agent. (Compl. ¶¶ 16, 20). Defendants argue that Khalaf was acting for LMFIC in the course and scope of his employment and that the policy's declarations identify Khalaf as an "agent." This is an argument, however, that is more appropriately addressed at the summary judgment stage after the evidentiary record has been developed. At this junction, Plaintiff's allegations are sufficient to state a viable claim against defendant Khalaf.

Defendant's final argument that Khalaf successfully procured Plaintiff's insurance coverage

1 and, therefore, was not negligent, misses the point. Plaintiff is not suing defendant Khalaf for failing
2 to obtain the requested insurance; instead, Plaintiff is suing him for breaching his fiduciary duty as
3 her agent. Under California law, an insured may state a claim of negligence against an insurance
4 agent. See Macey v. Allstate, 220 F. Supp. 2d 1116 (N.D. Cal. 2002); McNeill v. State Farm, 116 Cal.
5 App. 4th 597 (App. Ct. 1994).

6 In sum, the court finds that defendant Khalaf is not a sham defendant. Accordingly, diversity
7 jurisdiction does not exist and the court remands this action to state court. The court, therefore, has
8 no jurisdiction to entertain defendant Khalaf's 12(b)(6) motion to dismiss.

9 **III.   CONCLUSION**

10 Based on the foregoing, the court hereby denies the motion to drop Raad Khalaf as a sham
11 defendant and grants Plaintiff's motion to remand to state court. The court declines to entertain
12 defendant Khalaf's 12(b)(6) motion to dismiss the negligence claim against him.

13 **IT IS SO ORDERED.**

14 **DATED: July 1, 2008**

15
16 **Hon. Jeffrey T. Miller**
**United States District Judge**

cc:            All parties